IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GENA E. WHITWORTH                                                              PLAINTIFF

          v.                           Civil No. 04-6085

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

The plaintiff, Gena Whitworth, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her application for supplemental security income benefits (hereinafter "SSI"), pursuant to § 1602 of Title XVI of the Social Security Act (hereinafter "the Act"), *42 U.S.C. § 1381a.*

Plaintiff was 27 years of age at the time of the administrative hearing and has a twelfth grade special education, but is illiterate (T. 233, 236, 256, 168, 257-258.). She has past relevant work as a line server in a cafeteria. Plaintiff alleges disability due to: fibromyalgia; carpal tunnel syndrome; post-traumatic stress disorder (hereinafter "PTSD"); degenerative disc/joint disease; depression/anxiety; somatiform disorder; bilateral knee pain; kidney problems; diabetes mellitus; dizziness; and, pain and numbness. She filed her application on September 14, 2001 (T. 46-50).

The Social Security Administration denied plaintiff's application initially and on reconsideration. She then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on May 20, 2003 (T. 230-268), after which the ALJ rendered an unfavorable dated December 19, 2003 (T. 12-20). By Order entered May

18, 2004, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 5-7), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. Both parties have filed appeal briefs (Doc. #9 & 10). Accordingly, this matter is now ready for consideration.

**Applicable Law:**

The ALJ evaluated the plaintiff's claim according to the five-step sequential evaluation analysis prescribed by the social security regulations. See *20 C.F.R. §§ 404.1520(a)-(f);* see also *Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step analysis). At the first step, the ALJ found the plaintiff had not engaged in substantial gainful activity since her alleged onset date. In the next two steps, the ALJ determined that plaintiff has impairments considered "severe", in the form of fibromyalgia, somatiform disorder and depressive disorder (T. 14), but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 ("Listing of Impairments"). The ALJ found that the plaintiff's subjective complaints are not totally credible. Next, the ALJ determined that plaintiff retains the residual functional capacity (hereinafter "RFC"), to perform the full range of sedentary work. With respect to her mental limitations, she would not be assigned any complex or detailed jobs, and she would need to be attentive or concentrate on only simple or routine tasks. She would have no interaction with the public and only occasional contact with the supervisor and co-workers (T. 19). According to the ALJ, the plaintiff is unable to perform her past relevant work. However, using Medical-Vocational Rule 201.27 as a framework for decision making, and relying on vocational expert (hereinafter "VE"), testimony, the ALJ also determined that there are a significant number of jobs in the national

AO72A
(Rev. 8/82)

economy that she could perform, including small products assembler and store laborer. Finally, the plaintiff was found "not disabled" at any time through the date of the decision (T. 20).

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See *Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir.2000)*. Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See *Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000)*. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see *id.*, or because we would have decided the case differently. See *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*.

To establish entitlement to benefits, the plaintiff must show that she had been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than 12 months. See *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*.

Further, step four of the sequential analysis used in Social Security disability determinations requires the ALJ to review the plaintiff's residual functional capacity and the physical and mental demands of the plaintiff's past work. *See 20 C.F.R. § 404.1520(e)*. "[T]he ALJ has a duty to *fully* investigate and make *explicit* findings as to the physical and mental demands of a plaintiff's past relevant work and to compare that with what the plaintiff herself is capable of doing before he determines that she is able to perform her past relevant work."

-3-

*Nimick v. Secretary of Health & Human Servs., 887 F.2d 864, 866 (8th Cir.1989)* (emphasis in original). These findings require evidence of the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." *See id. n. 2* (quoting *S.S.R. No. 82-61, Soc.Sec.Rep. 836, 838*.

**Discussion:**

Overall, we conclude that the record does not contain substantial evidence to support the ALJ's decision that plaintiff is capable of performing other work which exists in significant numbers in the economy. The vocational expert's testimony does not constitute substantial evidence because it was elicited by an improper hypothetical question. A hypothetical question is properly formulated if it sets forth impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Guilliams v. Barnhart 393 F.3d 798, 804 (8th Cir.2005),* citing *Davis v. Apfel, 239 F.3d 962, 966 (8th Cir.2001)*. The undersigned finds that the hypothetical question was erroneous because it is impossible to discern, based on the colloquy that took place between the ALJ and the VE at the administrative hearing, exactly which hypothetical question was answered, and what factors the question actually encompassed (T. 252-267).

Further, the ALJ, at hearing clearly concedes that the plaintiff is illiterate (T. 258). The VE testified that a person who is unable to read and write would have "a problem in certain situations" and that many of the jobs he cited would require the ability to read (T. 266). When plaintiff's counsel asked the VE for specifics about the number of jobs that would be available, incorporating the requirement for reading into the hypothetical, the VE testified that he could

not supply those numbers (T. 267). Nonetheless, the ALJ relied on this testimony to find that the plaintiff is not disabled. Because the hypothetical posed to the vocational expert failed to describe fully plaintiff's impairments, the VE's testimony on her ability to work could not constitute substantial evidence to support a finding of no disability. *Stormo v. Barnhart 377 F.3d 801, 808 (8th Cir.2004)*.

Plaintiff testified that she can read only at the first grade level, that she is dyslexic and she is not capable of writing a short note to her lawyer, stating "I will meet you at the courthouse at 12 o'clock", unless she could draw pictures (T. 256). The ALJ stated to the VE:

> Despite her educational ability, I think there's – it's been sufficiently rebutted that she's pretty much illiterate. So I'd ask you to assume that she is illiterate.

(T. 258).

The job of small products assembler s classified by the *Dictionary of Occupational Titles (hereinafter "DOT"),* as light physical demand. However, the VE offered testimony to the effect that based upon his experience and knowledge, "there are a good number of jobs that are sedentary" (T. 265). The category has the following requirements:

GENERAL EDUCATIONAL DEVELOPMENT

Reasoning: Level 2 - Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

Math: Level 1 - Add and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound.

Language: Level 1 - READING: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers.

AO72A
(Rev. 8/82)

WRITING: Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses.

SPEAKING: Speak simple sentences, using normal word order, and present and past tenses.

SPECIFIC VOCATIONAL PREPARATION: Level 2 - Anything beyond short demonstration up to and including 1 month.

*DOT § 739.687-030 (4th Ed. Revised 1991).*

The category of store laborers, which is classified in the *DOT* as medium work activity, although the VE testified "we do have knowledge of such jobs that are in the sedentary category" (T. 265), requires the following:

GUIDE FOR OCCUPATIONAL EXPLORATION: 05.09.01

STRENGTH: Medium Work - Exerting 20 to 50 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or 10 to 25 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or greater than negligible up to 10 pounds of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Light Work.

GENERAL EDUCATIONAL DEVELOPMENT

Reasoning: Level 2 - Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

Math: Level 1 - Add and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound.

Language: Level 1 - READING: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers.

WRITING: Print simple sentences containing subject, verb, and object, and

> series of numbers, names, and addresses.
>
> SPEAKING: Speak simple sentences, using normal word order, and present and past tenses.
>
> SPECIFIC VOCATIONAL PREPARATION: Level 2 - Anything beyond short demonstration up to and including 1 month.

*Id. § 922.687-058*. Clearly, an illiterate plaintiff cannot perform the jobs cited by the VE, even setting aside the issue of the VE's failure to provide numbers in response to the reading limitation.

**Conclusion:**

Accordingly, the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for reconsideration of the plaintiff's residual functional capacity, and for further presentation of evidence, including specifics, with respect to her capabilities to perform work which exists in significant numbers in the economy. The Court recognizes that the ALJ's decision may be the same after proper analysis on remand, but proper analysis is required. *Groeper v. Sullivan, 932 F.2d at 1239.*

ENTERED this 26th day of August, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)